IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

|  |  |  |
|---|---|---|
| Katrina D. Hancock, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:09-cv-00809 |
| | ) | |
| NHC Healthcare-Charleston, LLC (f/k/a Trinity | ) | |
| Mission Health & Rehabilitation of Charleston), | ) | |
| National Healthcare Corporation, and | ) | |
| Covenant Dove, Inc., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' LOCAL RULE 26.03 RESPONSES

Pursuant to Local Rule 26.03, Defendants submit these responses:

1.     **A short statement of the facts of the case.**

Trinity Mission Health & Rehabilitation of Charleston ("Trinity") hired Plaintiff, an African American female, to serve as a PRN Nurse in late-June 2007. Within only a few weeks of her employment, Trinity promoted Plaintiff to the position of Director of Nursing. On October 19, 2007, Angela Atkinson—Administrator of the facility—met with Plaintiff and informed her that she was to make no management-level employment decisions during the week of October 22, 2007 (during Ms. Atkinson's absence), including hirings, firings, demotions, promotions, etc. Ms. Atkinson informed Plaintiff that she had to stop making these types of decisions on her own and that she was to make no changes at all during the week of October 22, 2007. However, on October 22, 2007, Plaintiff terminated the employment of Nurse Jean Stack without first consulting with Ms. Atkinson. Also on October 22, 2007, Plaintiff demoted Nurse Manager Faye Tribble, again without consulting Ms. Atkinson. Finally, Nurse Amanda

Roumilla resigned her employment with Trinity on October 22, 2007, based specifically on the poor treatment that she received from Plaintiff and Caroline Middleton—Assistant Director of Nursing.

On October 23, 2007, Plaintiff and three of her subordinates took a lunch break of one hour and forty-five minutes. Upon Plaintiff's and her subordinates' return to the facility, Trinity instituted disciplinary action against the three subordinates due to these employees failing to clock out for their extended lunch break. At approximately 2:30 p.m., Plaintiff left the facility. Judy Ullery—President of Covenant Dove—informed Trinity employees that Plaintiff was not to return to the facility until Ms. Atkinson returned and spoke with Plaintiff. Plaintiff did not return to the facility until November 5, 2007, at which time Ms. Atkinson informed Plaintiff that she could either resign or be terminated. Plaintiff refused to resign. Accordingly, Ms. Atkinson terminated Plaintiff's employment.

Plaintiff alleges that Defendants have discriminated against her on the basis of her race and have retaliated against her in response to "Plaintiff's anticipated reports and complaints of racial discrimination and retaliation in the workplace." (Compl. at ¶ 35.) However, Plaintiff's separation from employment was based solely on her voluntary actions of failing to follow the express directions of her supervisor and mismanaging her employees on October 23, 2007.

**2.** **The names of fact witnesses likely to be called and a brief summary of their expected testimony.**

Fact witnesses likely to be called by Defendant:

a.     Plaintiff – Expected to testify regarding the allegations in her Complaint.

b.     Angela Atkinson – Ms. Atkinson was the Administrator at the facility in question during the relevant timer period and remains employed by NHC Healthcare-Charleston, LLC

(NHC Charleston), in the Administrator position.  Ms. Atkinson has personal knowledge as to Plaintiff's employment with Trinity and separation therefrom.

c.      Tina Clark – Ms. Clark was employed as the Business Office Manager at the facility in question during the relevant time period.  Ms. Clark was present at the facility on October 23, 2007, and has personal knowledge as to the events surrounding Plaintiff's separation from employment.

d.      Candy Mosely – Ms. Mosely was serving as a Regional Nurse Consultant for the facility in question during the relevant time period.  Ms. Mosely was present at the facility on October 23, 2007, and has personal knowledge as to the events surrounding Plaintiff's separation from employment.

e.      Lori Priveaux – Ms. Priveaux was the Director of Medical Records at the facility in question during the relevant time period and remains employed by NHC Charleston in that position.  Ms. Priveaux was present at the facility on October 23, 2007, and has personal knowledge as to the events that took place prior to Plaintiff leaving for her extended lunch break.

f.      Gwin Gordon – Ms. Gordon was employed as the Receptionist at the facility in question during the relevant time period.  Ms. Gordon was present at the facility on October 23, 2007, and witnessed some of the events leading up to Plaintiff's separation from employment.

g.      Sherry Brooks – Ms. Brooks was employed as the Central Supply Clerk at the facility in question during the relevant time period.  Ms. Brooks was present at the facility on October 23, 2007, and witnessed some of the events that took place on that date.

h.      Judy Ullery – Ms. Ullery was employed as the President of Covenant Dove during the relevant time period.  Ms. Ullery was aware of the events that were transpiring on October 23, 2007, and was involved in the decision-making process that took place on that date.

i.     Linda Warf – Ms. Warf was employed as a Corporate Compliance Officer for Covenant Dove during the relevant time period.  Ms. Warf received a hotline complaint on or about October 23, 2007, against Plaintiff and ADON Middleton purportedly alleging discrimination.

j.     Faye Tribble – Ms. Tribble was employed as a Magnolia Unit Nurse Manager at the facility in question  during the relevant time period.  Without discussing the matter with Ms. Atkinson, Plaintiff demoted Ms. Tribble from Unit Manager to LPN on October 22, 2007.

k.     Jean Stack – Ms. Stack was employed as a Nurse at the facility in question during the relevant time period.  Without discussing the matter with Ms. Atkinson, Plaintiff terminated Ms. Stack's employment on October 22, 2007.

l.     Amanda Roumilla – Ms. Roumilla was employed as a Nurse at the facility in question during the relevant time period.  Ms. Roumilla resigned her employment with Trinity on October 22, 2007, as a result of Plaintiff and ADON Middleton treating Ms. Roumilla unprofessionally.

m.    Rebecca Lewis – Ms. Lewis was employed as a Payroll Clerk at the facility in question during the relevant time period.  Ms. Lewis's office was directly adjacent to Plaintiff's office during the relevant time period.

n.     Angela Rose – Ms. Rose was employed as the Covenant Dove Regional Manager for the facility in question during the relevant time period.

o.     Tonya Dickerson – Ms. Dickerson was employed as the Director of Social Services at the facility in question during the relevant time period.

Investigation and discovery are ongoing in this matter and Defendants reserve the right to amend, modify, or supplement this list based on information obtained in its investigation or

discovery.  Defendants further reserve the right to call witnesses identified by Plaintiff, witnesses necessary for impeachment purposes, or both.

      3.    **The names and subject matter of expert witnesses.**

No expert witnesses have been identified at this time.  Defendants will identify expert witnesses in compliance with the Court's Conference and Scheduling Order (or the proposed Amended Conference and Scheduling Order, if accepted by the Court).

      4.    **A summary of the claims or defenses.**

      a.    Violation of Civil Rights/Discrimination.

Claim: Plaintiff alleges that Defendants discriminated against her on the basis of her race.

Defenses: Defendants allege that Plaintiff voluntarily terminated her own employment by abandoning her job post on October 23, 2007, and that all employment actions it took with regard to Plaintiff resulted solely from legitimate, nondiscriminatory business reasons.  Defendants have also outlined additional defenses in their Answer.

Statuary Citations:  42 U.S.C. § 1981; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*; and the South Carolina Human Affairs Law, S.C. Code Ann. §§ 1-13-10 to -110.

Case Citations: *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Faragher v. City Boca Raton*, 524 U.S. 775 (1998); and *Burlington Indus. v. Ellerth*, 524 U.S. 742 (1998).

      b.    Retaliatory Discharge.

Claim: Plaintiff alleges that Defendants retaliated against her in response to "Plaintiff's anticipated reports and complaints of racial discrimination and retaliation in the workplace."  (Compl. at ¶ 33.)

Defenses: Defendants deny any of the alleged retaliation and allege that all employment actions it took with regard to Plaintiff resulted solely from legitimate, nondiscriminatory business reasons.  Defendants have also outlined additional defenses in their Answer.

Statuary Citation:  Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*

5

Case Citations: *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); and *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253 (4th Cir. 1998).

    c.    Violation of Public Policy.

Claim: Plaintiff alleges that the "hostile work environment and wrongful termination of Plaintiff's employment by the Defendants, their agents and servants, constitutes a violation of a clear mandate of public policy of the State of South Carolina.

Defenses: Defendants deny the existence of any hostile work environment or wrongful termination and allege that all employment actions it took with regard to Plaintiff resulted solely from legitimate, nondiscriminatory business reasons. Defendants also allege that, even assuming there was a hostile work environment, Plaintiff failed to reasonably take advantage of the policies and procedures that Defendants have in place to eliminate or rectify such an environment. Defendants further allege that, to the extent there exists a statutory scheme under which Plaintiff could assert this claim, Plaintiff is barred from bringing the South Carolina common law claim as alleged. Defendants have also outlined additional defenses in their Answer.

Statuary Citation: None.

Case Citations: *Greene v. Quest Diagnostics Clinical Labs., Inc.*, 455 F. Supp. 2d 483 (D.S.C. 2006); *Barron v. Labor Finders of S.C.*, No. 4553, 2009 S.C. App. LEXIS 179 (S.C. Ct. App. May 28, 2009); and *Dockins v. Ingles Markets, Inc.*, 413 S.E.2d 18 (S.C. 1992).

5.    **Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16.02: (a) exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures; and (b) completion of discovery.**

The parties have set forth their joint proposals for the above-listed deadlines in their proposed Amended Conference and Scheduling Order.

6.    **Special circumstances affecting time frames in scheduling order.**

None.

7.      **Additional information requested.**

None.


Dated this the 7th day of July, 2009.

<div style="margin-left:50%">

Respectfully submitted,

s/Thomas H. Keim, Jr.
Federal ID No. 3937
FORD & HARRISON LLP
Post Office Box 5398
Spartanburg SC 29304
Telephone: 864-699-1100
Facsimile:  864-699-1101
tkeim@fordharrison.com

Attorney for Defendants

</div>

Spartanburg:81033.1